IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM SHALLCROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )  Civil Action No. 05-1605 |
| | ) |
| PATH TRUCK LINES, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

### SYNOPSIS

Plaintiff sued his former employer for a breach of a contract. The Defendant employer contends that an order from a bankruptcy court confirming a Chapter 11 Amended Plan of Reorganization renders the Complaint void *ab initio*. I agree. Judgment is entered in favor of the Defendant.

### OPINION

Plaintiff William Shallcross ("Shallcross") alleges that he began work as a "terminal manager" for Defendant Path Truck Lines in May of 1999. See Complaint, ¶ 3. As part of his employment package, Shallcross was covered under a group health insurance policy. In the Spring of 2003, Fred Payne, apparently Shallcross's

1

supervisor, learned that Shallcross had to undergo a heart transplant. He allegedly asked Shallcross to transfer to his wife's insurance policy so that Path Truck Lines could avoid a substantial increase in premiums. Shallcross agreed to transfer to his wife's policy in exchange for the promise of continued employment at full salary, with a reduction of hours to one half time. See Complaint, ¶ 9.

Approximately five months later, Shallcross received a document from Eileen Coleman of Transport Systems Western N.Y., Inc. ("Transport Systems"). In it, Coleman proposed that Shallcross voluntarily terminate his employment in exchange for a severance package. See Complaint, ¶ 11. Shallcross declined to do so and his employment was eventually terminated as of October 6, 2003.

Shallcross then filed suit against Path Truck Lines in the Court of Common Pleas of Beaver County, Pennsylvania. The action was timely removed to this Court on the basis of diversity jurisdiction. The Defendant has filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (Docket No. 3). United Sales & Leasing Co., Inc. ("United Sales") filed the Motion. United Sales argues that a bankruptcy filing in the United States Bankruptcy Court for the Western District of New York precludes Shallcross's claim from going forward. Shallcross disagrees. After careful consideration, I conclude that the bankruptcy action prevents Shallcross from maintaining this action. The Motion is granted.

## STANDARD OF REVIEW[1]

---

[1] As both Plaintiff and Defendant attach to their respective papers matters which were not contained in the Complaint and, some of which, are not matters of public record, I must treat the pending motion as one for summary judgment. Clearly Plaintiff was on notice that the motion may be treated as such, given the title of the motion. Further, given the fact that Plaintiff himself

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-

---

submitted matters outside the Complaint for my review, Plaintiff cannot be heard to complain that the motion was unfairly converted to one for summary judgment.

moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

## ANALYSIS

The issue before me is whether Shallcross is precluded from maintaining his suit against Path Truck Lines. To answer that question, I must determine precisely who employed Shallcross and whether suit can be maintained against that entity.

Daniel Brown, counsel for United Sales, explains that Shallcross was employed by "Transport Systems Western N.Y., Inc., which at the time served as the employer of all employees of United Sales & Leasing Co., Inc., d/b/a Path Truck Lines." see Docket No. 5-1, ¶4. United Sales is a privately owned New York corporation which operates a fleet of trucks carrying goods in interstate commerce. Id., ¶ 5. According to Brown, Transport Systems merged with United Sales in January of 2004, with United Sales being the surviving corporate entity. Id., ¶ 6.

United Sales then filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Western District of New York, bankruptcy case no. 04-10475-B. Id, ¶ 7. On April 28, 2005, United Sales filed an Amended Plan of Reorganization. Paragraph 11.2 of the Amended Plan provides for the discharge of United Sales from claims arising prior to the filing of its Chapter 11 case upon confirmation:

> 11.2 Discharge of Debtor. Except as provided in the Plan or the Confirmation Order, the rights afforded under the Plan and the treatment of Claims and Interests under the Plan shall be in exchange for and in complete satisfaction,

4

>discharge and release of all Claims and modification of all Interests, including any interest accrued on Claims from the Filing date.  Except as provided in the Plan or the Confirmation Order, Confirmation shall (a) discharge the Debtor from all Claims or other debts of the kind specified in Section 502(g), 502(h) or 502(I) of the Bankruptcy Code, whether or not: (I) a Proof of Claim based on such debt is filed or deemed filed pursuant to Section 501 of the Code; (ii) a Claim based on such debt is allowed pursuant to Section 502 of the Code or (iii) the holder of a Claim based on such debt has accepted the Plan; and (b) modify all rights of Equity Interest Holders in the Debtor.

See Exhibit A to Brown Declaration.  Paragraph 11.3 of the Plan also provides that holders of pre-petition claims are to be enjoined from commencing or continuing any lawsuit against United Sales:

>11.3 Injunction.  Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all Entities that have held, currently hold or may hold a Claim that is discharged, or the rights of any Equity Interest Holder that are terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions on account of any such discharged Claims, modified or terminated Interests or rights: (a) commencing or continuing in any manner any action or other proceeding against the Debtor, or its property; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or other against the Debtor or its respective property; (c) creating, perfecting or enforcing any lien or encumbrance against the Debtor or its property; (d) asserting a setoff, right of subrogation, recoupment of any kind against any debt, liability or obligation due to the Debtor or its property; and (e) commencing or continuing any action, in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan.

Id.

By Amended Order entered on June 15, 2005, the United States Bankruptcy

Court confirmed the Chapter 11 Plan. See Exhibit B to Brown Declaration. The Amended Confirmation Order also contains language regarding the enjoining of any lawsuits:

> In no event shall the Debtor be liable to any Creditors holding Claims against, or any Holders of Interests in, the Debtor, except as specifically set forth in the Plan, in this Order, or in any orders in aid of consummation that may be entered by this Court on or after the date hereof. All Creditors and Equity Interest Holders of the Debtor whose Claims or Interests are impaired, are not fully paid or are terminated by the Plan and/or this Order, are hereby jointly and severally restrained and enjoined from instituting or continuing any action or employing any process to collect such Claims as liabilities or obligations of the Debtor, except as otherwise specifically provided for by the Plan, by this Order, or by any orders in aid of consummation that may be entered by this Court on or after the date hereof.

Id.

On November 9, 2005, believing Shallcross's maintenance of this suit to be in violation of the Plan and of the Amended Confirmation Order, United Sales filed a motion seeking to hold Shallcross and his counsel in contempt in the bankruptcy proceeding. The United States Bankruptcy Court for the Western District of New York entered an Order dated November 21, 2005 holding that:

> William Shallcross is hereby held in contempt of the injunctive provisions of this Court's Amended Order Confirming and Approving the Debtor's Amended Plan of Reorganization (the "Confirmation Order") in that he have [sic] commenced an action against the Debtor post-confirmation premised on an alleged pre-bankruptcy contract with the Debtor and in that they [sic] have willingly failed or neglected to dismiss the action after being notified of this Court's Order enjoining the commencement or continuation of any lawsuit against

6

>   the Debtor premised on alleged pre-bankruptcy conduct
>   of the Debtor; and it is
>   ORDERED, that Mr. Shallcross is hereby directed to dismiss
>   the pending lawsuit against the Debtor; and it is
>   ORDERED, that any failure of Mr. Shallcross to abide by the
>   terms of this Order and the Confirmation Order will result
>   in more severe penalties against Mr. Shallcross.

See Exhibit E to Brown Declaration.

United Sales contends that the terms of the Plan of Reorganization and the Bankruptcy Court's Amended Confirmation Order bar Shallcross from maintaining this suit. Significantly, Shallcross does not dispute United Sales's recitation of the bankruptcy proceeding. Nor does Shallcross dispute that the bankruptcy proceeding and the Order from the Bankruptcy Court preclude him from suing the entities named in the bankruptcy proceeding. See Docket No. 11, p. 7, ¶ 23.

Instead, Shallcross argues that he is suing "Path Truck Lines" the proprietorship and Fred Payne d/b/a Path Truck Lines, rather than the entities identified in the bankruptcy action. Shallcross's arguments are not persuasive. First, he did not sue "Fred Payne d/b/a Path Truck Lines." Second, simply because Shallcross designates Path Truck Lines to be a "proprietorship" does not make it so. The uncontradicted record of evidence before me establishes that the Path Truck Lines for whom Shallcross worked, is the United Sales which went through the Chapter 11 reorganization.

Indeed, while Shallcross contends that, at no time during his employment was he informed of the relationship, if any, between Path Truck Lines, United Sales and Transport Systems, he makes important concessions. For instance, Shallcross admits

that the paycheck he received was "drawn on an account titled Transport Systems." See Docket No. 11-1, ¶ 7. Shallcross also admits that any expenses he incurred "were reimbursed from an account drawn on an account titled United Sales and Leasing." Id. Further, the letter which called for his voluntary resignation in exchange for a severance package, came from "Transport Systems." See Complaint, ¶ 11. Finally, the Bankruptcy Court clearly understood that the Path Truck Lines named as a Defendant in this action is the same entity as United Sales, for that Court found that Shallcross's continuation of this suit violated the Confirmation Order's discharge injunction.

For these reasons, United Sales's Motion to Dismiss or, in the alternative, for Summary Judgment will be granted. Judgment will be entered in favor of the Defendant.

I do note, however, that this does not leave Shallcross without remedy. United Sales has repeatedly informed Shallcross that he can file a claim in the bankruptcy proceeding and that United Sales would not raise any objection to the timeliness of any such claim. As distributions to unsecured creditors in the bankruptcy case have, apparently, not begun, Shallcross would share pro rata with the other pre-bankruptcy creditors should the bankruptcy court ultimately allow Shallcross's claim.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM SHALLCROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1605 |
| | ) |
| PATH TRUCK LINES, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

AND NOW, this **30th** day of January, 2006, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is ORDERED that the Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Docket No. 3) is GRANTED.  Judgment is entered in favor of the Defendant and against Plaintiff.    This case is CLOSED.

BY THE COURT:


/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

9